UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CATARINO GONZALEZ, JR., | No. CV 06-03438-R (VBK) |
| Petitioner, | MEMORANDUM AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS |
| v. | FIRST AMENDED PETITION |
| SCOTT M. KERNAN, | |
| Respondent. | |

## INTRODUCTION

On June 5, 2006, Catarino Gonzalez, Jr. (hereinafter referred to as "Petitioner") filed a "Petition for Writ of Habeas Corpus by a Person in State Custody," pursuant to 28 U.S.C. §2254 ("Petition"). On June 27, 2006, Petitioner filed a document entitled "Petitioner Gonzalez's Points and Authorities in Support of His Petition," which the Court construed as a Memorandum in support of the previously filed "Form Petition for a Writ of Habeas Corpus by a Person in State Custody (28 U.S.C. §2254]."

In accordance with the Court's Order Requiring Response to Petition, on August 4, 2006, Respondent filed a "Motion to Dismiss Petition for Writ of Habeas Corpus; Memorandum of Points and

1  Authorities" ("MTD"), contending that the Petition should be
2  dismissed on the grounds that it is a mixed petition.  Petitioner
3  filed a "Reply to Respondent's Motion to Dismiss; Request for Stay
4  and Abey Instant Action; Memorandum in Support; Declaration of
5  Mark McBride; [Proposed] Order" on August 28, 2006.

6       On September 11, 2006, the Court issued a Memorandum and
7  Order Denying Respondent's Motion to Dismiss and Granting
8  Petitioner's Request for a Stay.  Petitioner was ordered to return
9  to the California Supreme Court to fully exhaust all of his
10 claims.  Petitioner was advised that he must file his state habeas
11 petition within 30 days of the Memorandum and Order and provide
12 the Court with status reports regarding the pending state court
13 proceedings. (A copy of the September 11, 2006 Memorandum and
14 Order is attached hereto and incorporated herein.)

15      Petitioner did not file the state petition as directed.  On
16 November 14, 2006, this Court again ordered Petitioner to file a
17 state habeas petition within 30 days.   On December 15, 2006,
18 Petitioner filed a habeas petition in the California Supreme
19 Court. (Respondent's Lodgment 6.)

20      On May 23, 2007, the California Supreme Court denied the
21 petition with a notation, "(See In re Swain (1999), 34 Cal.2d 300,
22 304; People v. Duvall (1995), 9 Cal.4th 464, 474.)" (Respondent's
23 Lodgment 7.)

24      On June 4, 2007, this Court ordered Petitioner to file a
25 First Amended Petition within 60 days.

26      On August 10, 2007, Petitioner filed a First Amended
27 Petition.

28      On January 14, 2008, Respondent filed a "Motion to Dismiss

                                    2

1   First Amended Petition;" and "Notice of Lodging" ("MTD"),
2   contending that the Petition should be dismissed on the grounds
3   that it is a mixed petition.

4       On January 29, 2008, Petitioner filed a document entitled
5   "Petitioner's Response to Respondent's Motion to Dismiss."

6       The matter has been deemed submitted and is now ready for
7   decision.   Having reviewed the allegations in the First Amended
8   Petition the matters set forth in the Motion to Dismiss and
9   Petitioner's Response, the Court **HEREBY ORDERS** that the Motion to
10  Dismiss be granted.

11

12                            **BACKGROUND**

13      Following a jury trial in Los Angeles County Superior Court,
14  Petitioner was convicted on June 13, 2001 of first degree murder
15  in violation of California Penal Code ("PC") §187(a).    It was
16  found that the victim in Count One was a peace officer who was
17  intentionally killed while engaged in the performance of his
18  duties (PC §190.2), that the murder was committed for the purpose
19  of avoiding and preventing a lawful arrest (PC §190.2(c)(5)), and
20  that the murder was committed by means of lying in wait in
21  violation of PC §190.2(a)(15).   Further, it was found as to Count
22  One that Petitioner discharged a firearm, causing great bodily
23  injury and death (PC §§12022.53(d) and (e)(1)) and that Petitioner
24  personally intentionally discharged a firearm in violation of PC
25  §§12022.53(c) and (e)(1).    In Count Two, Petitioner was charged
26  with attempted murder of a peace officer engaged in the
27  performance of his duty in violation of PC §§664 and 187(a).    It
28  was further found as to Count Two that the attempted murder was

                                 3

willful, deliberate and premeditated in violation of PC §§664(e) and (f). It was further found as to both Counts that Petitioner used a firearm and various sentence enhancement for firearm use were imposed. (Respondent's Lodgment 1.)

Petitioner was sentenced to life without the possibility of parole for the murder of the peace officer, plus 25 years to life for the firearm use, plus 35 years to life for the attempted murder of a peace officer and firearm use. (Respondent's Lodgment 1.)

On December 19, 2003, Petitioner's conviction was reversed by the California Court of Appeal. On January 24, 2005, the California Supreme Court reversed the decision of the Court of Appeal, reinstating the conviction.

On June 6, 2005, the United States Supreme Court denied certiorari in <u>Gonzalez v. California</u>, ___ U.S. ___, 125 S.Ct. 2552, 162 L.Ed.2d 282 (2005).

On June 5, 2006, Petitioner filed the within Petition.

### PETITIONER'S CONTENTIONS

Petitioner contends the following, <u>inter alia</u>:

1.    The trial court erroneously denied Petitioner's motion to dismiss on the grounds the prosecution withheld evidence in violation of the constitutional duty under the Fourteenth Amendment of the United States Constitution to disclose to the defense any exculpatory evidence;

2.    The trial court erred in finding Petitioner failed to establish a <u>prime</u> <u>facie</u> case of improper use of

4

1   peremptory challenges during selection of the jury in
2   violation of the Due Process and Equal Protection
3   Clauses of the Fourteenth Amendment to the United States
4   Constitution;

5   3.   The trial court abused its discretion when it denied
6        Petitioner's motions for mistrial due to the jury being
7        exposed to prejudicial media coverage of the trial and
8        attempts to influence jurors in violation of the Sixth
9        Amendment to the United States Constitution;

10  4.   Petitioner's confession was involuntary and admitted
11       into evidence in violation of the Fifth Amendment to the
12       United States Constitution;

13  5.   Petitioner's confession was admitted although the
14       interrogating homicide detectives failed to cease
15       interrogation after Petitioner invoked his right to
16       counsel in violation of the Fifth Amendment to the
17       United States Constitution;

18  6.   Petitioner was denied the fundamental right under the
19       Sixth Amendment to the United States Constitution to
20       cross-examine an adverse witness; and

21  7.   The trial court improperly excluded Petitioner's
22       proffered third-party culpability evidence in violation
23       of Petitioner's Sixth and Fourteenth Amendment rights to
24       present a defense and to a fundamentally fair trial.

25  (Petition at 6A-6S.)
26  //
27  //
28  //

5

## DISCUSSION

### A.   Exhaustion Requirement Generally.

Federal habeas petitioners challenging the legality of custody pursuant to a state court judgment must first exhaust any remedies available in the state courts, unless circumstances exist which make such remedies ineffective.   (28 U.S.C. §2254(b)(1)) This exhaustion requirement is not met if a petitioner has the right, under state law, to raise the claims presented in any available state procedure.   (28 U.S.C. §2254(c))  A state, through counsel, may waive the exhaustion requirement, but must do so expressly.   (28 U.S.C. §2254(b)(3))

The exhaustion requirement is designed to protect the role of the state courts in the enforcement of federal law and to prevent disruption of state judicial proceedings.  Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).  A petitioner has exhausted state remedies if he has fairly presented each and every one of his federal claims to the highest state court with the jurisdiction to consider them.  Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam), citing Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); Harmon v. Ryan, 959 F.2d 1457, 1460 (9th Cir. 1992). A claim has been fairly presented if the petitioner has described the operative facts and legal theory upon which his claim is based.   Bland v. California Department of Corrections, 20 F.3d 1469, 1473 (9th Cir.), cert. denied 513 U.S. 947 (1994).  Further, the petitioner must have alerted the state court that a claim is asserted under the United States Constitution.  Duncan, 513 U.S. at 365; Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996).  If

6

1 a petitioner fails to alert the state court to the fact that he is
2 raising a federal constitutional claim, his federal claim is
3 unexhausted regardless of its similarity to the issues raised in
4 state court. Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998);
5 citing Johnson, 88 F.3d at 829; see also Crotts v. Smith, 73 F.3d
6 861, 865 (9th Cir. 1996).

7      Unless the state expressly waives the exhaustion requirement,
8 a federal court cannot grant relief requested in a state
9 prisoner's habeas petition if the prisoner has not exhausted state
10 remedies with respect to each and every claim contained in the
11 petition.   28 U.S.C. §2254(b)(1); Reutter v. Crandel, 109 F.3d
12 575, 578 (9th Cir.),   cert. denied, 118 S. Ct. 142 (1997) (even
13 petitions containing both exhausted and unexhausted claims are
14 subject to dismissal).

15      Here, Respondent contends that Petitioner has failed to fully
16 exhaust all of his claims contained in his First Amended Petition.

17

18      **B.   Stay and Abeyance Law.**

19      In Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528, 1535
20 (2005), the United States Supreme Court held that a federal
21 district court may stay a mixed habeas petition to allow a
22 petitioner to present unexhausted claims to the state court.   A
23 District Court should stay, rather than dismiss, a mixed habeas
24 petition if the Petitioner has good cause for his failure to
25 exhaust, his unexhausted claims are meritorious, and there is no
26 indication that the petitioner engaged in intentionally dilatory
27 litigation tactics. Id. at 278.

28      In Rhines, the Supreme Court noted that because of the total

7

1  exhaustion requirement in <u>Rose v. Lundy</u>, 455 U.S. 509, 518-19, 102
2  S.Ct. 1198 (1982) and AEDPA's one-year statute of limitations,
3  petitioners with mixed petitions "run the risk of forever losing
4  their opportunity for any federal review of their unexhausted
5  claims." <u>Rhines</u>, 125 S.Ct. at 1533. This risk arises because a
6  petitioner could be faced with a choice of either striking his
7  unexhausted claims and going forward with an exhausted petition or
8  allowing the whole petition to be dismissed, without prejudice, as
9  mixed. Under the first option, if Petitioner's original petition
10 had already been decided on the merits, he could not include the
11 newly exhausted claims in a subsequent petition, as the second
12 petition would be subject to the strict limitations AEDPA places
13 on successive petitions. <u>See</u> 28 U.S.C. §2244(b). The second
14 option available under <u>Rose</u> is no more desirable for a petitioner
15 given the fact that AEDPA's one-year statute of limitations will
16 likely have run before a petitioner is able to fully exhaust state
17 court remedies on the mixed petition and return to federal court.
18 <u>Rhines</u>, 125 S.Ct. at 1533-34.

19        In light of the above circumstances, <u>Rhines</u> concluded that a
20 District Court has discretion to stay a mixed petition to allow a
21 petitioner time to return to state court to present unexhausted
22 claims.  In making this determination, however, the Court held
23 that the stay and abeyance procedure must be applied consistently
24 with AEDPA's twin purposes: "reducing delays in the execution of
25 state and federal criminal sentences" and encouraging "petitioners
26 to seek relief from state courts in the first instant." <u>Rhines</u>,
27 125 S.Ct. at 1534. As a result, <u>Rhines</u> cautioned, a stay and
28 abeyance should be available only in limited circumstances, and is

8

1  good cause existed warranting a Stay, the claims were potentially
2  meritorious, and Petitioner had been diligent. Petitioner had
3  been given another opportunity to fully exhaust all of his claims
4  in state court; however, as noted below, Petitioner failed to
5  allege all of the factual allegations supporting his claims to the
6  California Supreme Court.

7      In Ground 1 of the First Amended Petition presented to this
8  Court, Petitioner alleged that the prosecution withheld
9  exculpatory information "of informants." The claim discussed
10  three separate alleged witnesses as to whom the prosecutor
11  allegedly failed to provide material exculpatory information, and
12  identified what information was purportedly withheld. (See First
13  Amended Petition at 6A-6B.) However, when presenting this claim
14  to the California Supreme Court, Petitioner discussed only a
15  single witness about whom information was purportedly withheld,
16  did not identify that witness, and did not identify what
17  purportedly exculpatory information that person may have had.
18  (Respondent's Lodgment 6 at 4.) Petitioner's failure to fairly
19  present the facts underlying his claim to the California Supreme
20  Court is particularly inexcusable when, as here, the omitted
21  information was available and known to Petitioner at the time he
22  filed his state petition, as evidenced by the inclusion of that
23  information in his previously-filed "though unexhausted" original
24  federal petition. As such, this claim is not fully exhausted.

25      In Ground 2, Petitioner alleges a systematic exclusion of
26  prospective jurors based on race, and discusses in detail the
27  responses of those prospective jurors to voir dire, and compares
28  those responses to the responses of other jurors. (See First

1   Amended Petition at 6B-6D.)   In the California Supreme Court,
2   Petitioner alleged only that the prosecutor was "systematically
3   excluding black jurors" and that three excluded prospective jurors
4   were African American. (Respondent's Lodgment 6 at 8.)   The Court
5   finds that Petitioner has exhausted this claim.

6        In Ground 3, Petitioner alleges that a mistrial should have
7   been declared due to prejudicial media coverage and attempts by
8   non-jurors (including members of Petitioner's family) to tamper
9   with the jury. (First Amended Petition at 6D-6G.)   In the
10  California Supreme Court, Petitioner raised only the issue of
11  extensive media coverage; he did not mention the issue of
12  attempted jury tampering.   Thus, the jury tampering issue was not
13  exhausted.

14       In Ground 4, Petitioner alleges that his confession was
15  involuntary. (First Amended Petition at 6G-6M.)   The First Amended
16  Petition contains over six pages of detailed factual allegations
17  which Petitioner argues support his request for relief.   The
18  petition presented to the California Supreme Court, contains a
19  mere three and one-half lines of factual allegations.
20  (Respondent's Lodgment 6 at 6.)   Conspicuously absent from the
21  factual allegations presented in the California Supreme Court
22  habeas corpus petition are any specific allegations of wrongdoing
23  by any of the police officers who questioned Petitioner, or any
24  discussion of the defense interrogation expert's testimony
25  regarding the allegedly coercive effect of the interrogation
26  techniques.   Thus, all of the factual allegations of this claim
27  are not fully exhausted.

28       In Ground 6, Petitioner alleges that he was denied the right

11

1   to cross-examine Scott Reitz, a firearm examiner for the Los
2   Angeles Police Department, who prepared a videotape demonstrating
3   certain characteristics of the gun used in the shooting. (First
4   Amended Petition at 6P-6S.)   In the California Supreme Court,
5   Petitioner did not allege what cross-examination should have been
6   but was not allowed, or how that cross-examination might have
7   assisted the defense.   The claim presented in the California
8   Supreme Court does not even mention the nature of the exhibit
9   Reitz prepared.   Thus, all of the factual allegations of this
10  claim are not fully exhausted.

11       In Ground 7, Petitioner alleges that the trial court
12  erroneously prohibited Petitioner from offering third party
13  culpability evidence in the form of testimony by Maria Guzman that
14  she had overheard a third party, Juan Berrigan, admit that he had
15  killed a police officer. (First Amended Petition at 6S-6U.)   In
16  the California Supreme Court, Petitioner did not identify the
17  witness and described her testimony in only vague terms: "I
18  attempted to show that an individual named Juan Berrigan had
19  killed Officer Cuesta, and that he had confessed as much to a
20  woman over the phone." (Respondent's Lodgment 6 at 9.)   The Court
21  finds that Petitioner has sufficiently exhausted this claim.

22       California law provides that a habeas petitioner who presents
23  a petition found to be defective for failing to state the facts
24  underlying the claim with sufficient particularity can cure the
25  defects by presenting a more detailed petition (In re Swain, 34
26  Cal.2d at 304).   However, Respondent requests the Court to
27  exercise its discretion not to issue another stay.   Respondent
28  contends that Petitioner has failed to show good cause for the

1   failure to fully exhaust his claims in state court.    Further,
2   Respondent contends that Petitioner has engaged in abusive
3   litigation tactics or intentional delay and therefore the District
4   Court should not grant him a stay.   Respondent notes that while
5   this Court accepted Petitioner's representation that good cause
6   existed to warrant a stay in order to provide him with the
7   opportunity to properly exhaust his claims in his original
8   petition, no such good cause exists now.   Contrary to the
9   representation in his Request for a Stay, Petitioner did not
10  "proceed as efficiently as possible to dispose of his other
11  federal claims." Indeed, the petition presented to the California
12  Supreme Court had the effect of denying that Court any meaningful
13  opportunity to consider Petitioner's claims.

14      Petitioner requests the Court to order Respondent to address
15  the merits of the claims or grant a Stay in light of Rhines v.
16  Weber, 544 U.S. 269, 125 S.Ct. 1528, 1535 (2005).

17      The Court finds that Petitioner has failed to show he is
18  entitled to a Stay under Rhines.   The Court previously granted
19  Petitioner a Stay; and Petitioner failed to fully exhaust all of
20  his factual allegations in the California Supreme Court.

21

22      **D.   Petitioner's Options Regarding His Unexhausted Claims.**

23      As noted above, the following claims contained in the First
24  Amended Complaint are not fully exhausted: Portions of Grounds 1,
25  3, 4 and 6.   Petitioner is advised that he may choose to strike
26  the unexhausted portions of these claims from his First Amended
27  Petition and move forward with only his exhausted claims.   James
28  v. Giles, 221 F.3d 1074, 1077 (9th Cir. 2000).   Petitioner is

13

1  advised, however, that if he abandons the unexhausted claims, he
2  risks forfeiture of these deleted claims.  If Petitioner exhausts
3  the unexhausted claims following the conclusion of this action and
4  wishes to return to federal court, any future federal habeas
5  petition by Petitioner addressing the same conviction may be
6  precluded as successive under 28 U.S.C. §2244(a)-(b), or as
7  untimely by the statute of limitations in 28 U.S.C. §2244(d)(1).
8  If Petitioner chooses to delete the unexhausted portions of these
9  claims, he may notify the Court by filing a motion to dismiss the
10 unexhausted portions of claims 1, 3, 4 and 6.  Any such motion
11 must clearly state which claims Petitioner seeks to dismiss.

12      Petitioner is further advised that if he chooses not to
13 delete the unexhausted portions of the claims, the Court will
14 issue a Report and Recommendation recommending that the First
15 Amended Petition be dismissed as a "mixed petition."

16

17                              **ORDER**

18      The Court **HEREBY ORDERS** Petitioner to file a response to this
19 Memorandum and Order within 30 days of the date of this Order
20 indicating whether Petitioner seeks to dismiss the unexhausted
21 portions of claims 1, 3 ,4 and 6.  If Petitioner fails to file a
22 Response, the Court will issue a Report and Recommendation
23 recommending that the Petition be dismissed as it is a "mixed"
24 petition.

25

26 DATED:  April 18, 2008

27                              VICTOR B. KENTON
                                UNITED STATES MAGISTRATE JUDGE
28

                                14

CHAMBERS COPY

FILED
CLERK, U.S. DISTRICT COURT

SEP 1 1 2006

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

Priority ———
Send ———
Enter ———
Closed ———
JS-5/JS-6 ———
JS-2/JS-3 ———
Scan Only ———

1
2
3
4
5
6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| CATARINO GONZALEZ, JR., | No. CV 06-03438-R (VBK) |
| Petitioner, | MEMORANDUM AND ORDER DENYING RESPONDENT'S MOTION TO DISMISS AND GRANTING PETITIONER'S REQUEST FOR A STAY |
| v. | |
| SCOTT M. KERNAN, | |
| Respondent. | |

## INTRODUCTION

On June 5, 2006, Catarino Gonzalez, Jr. (hereinafter referred to as "Petitioner") filed a "Petition for Writ of Habeas Corpus by a Person in State Custody," pursuant to 28 U.S.C. §2254 ("Petition"). On June 27, 2006, Petitioner filed a document entitled "Petitioner Gonzalez's Points and Authorities in Support of His Petition," which the Court construed as a Memorandum in support of the previously filed "Form Petition for a Writ of Habeas Corpus by a Person in State Custody (28 U.S.C. §2254]."

In accordance with the Court's Order Requiring Response to Petition, on August 4, 2006, Respondent filed a "Motion to Dismiss Petition for Writ of Habeas Corpus; Memorandum of Points and

1   Authorities" ("MTD"), contending that the Petition should be
2   dismissed on the grounds that it is a mixed petition. Petitioner
3   filed a "Reply to Respondent's Motion to Dismiss; Request for Stay
4   and Abey Instant Action; Memorandum in Support; Declaration of Mark
5   McBride; [Proposed] Order" on August 28, 2006.

6       The matter has been deemed submitted and is now ready for
7   decision. Having reviewed the allegations in the Petition and the
8   Memorandum in support of the Petition, the matters set forth in the
9   Motion to Dismiss and Petitioner's Reply, **IT IS HEREBY ORDERED** that
10  the Motion to Dismiss be denied and Petitioner's request for a Stay
11  be granted.

12

13                              **BACKGROUND**

14      Following a jury trial in Los Angeles County Superior Court,
15  Petitioner was convicted on June 13, 2001 of first degree murder in
16  violation of California Penal Code ("PC") §187(a). It was found
17  that the victim in Count One was a peace officer who was
18  intentionally killed while engaged in the performance of his duties
19  (PC §190.2), that the murder was committed for the purpose of
20  avoiding and preventing a lawful arrest (PC §190.2(c)(5)), and that
21  the murder was committed by means of lying in wait in violation of
22  PC §190.2(a)(15). Further, it was found as to Count One that
23  Petitioner discharged a firearm, causing great bodily injury and
24  death (PC §§12022.53(d) and (e)(1)) and that Petitioner personally
25  intentionally discharged a firearm in violation of PC §§12022.53(c)
26  and (e)(1). In Count Two, Petitioner was charged with attempted
27  murder of a peace officer engaged in the performance of his duty in
28  violation of PC §§664 and 187(a). It was further found as to Count

                                    2

1  Two that the attempted murder was willful, deliberate and
2  premeditated in violation of PC §§664(e) and (f). It was further
3  found as to both Counts that Petitioner used a firearm and various
4  sentence enhancement for firearm use were imposed. (Lodged Document
5  No. 1.)

6      Petitioner was sentenced to life without the possibility of
7  parole for the murder of the peace officer, plus 25 years to life
8  for the firearm use, plus 35 years to life for the attempted murder
9  of a peace officer and firearm use. (Lodged Document No. 1.)

10     On December 19, 2003, Petitioner's conviction was reversed by
11 the California Court of Appeal. On January 24, 2005, the
12 California Supreme Court reversed the decision of the Court of
13 Appeal, reinstating the conviction.

14     On June 6, 2005, the United States Supreme Court denied
15 certiorari in Gonzalez v. California, ___ U.S. ___, 125 S.Ct. 2552,
16 162 L.Ed.2d 282 (2005).

17     On June 5, 2006, Petitioner filed the within Petition.

18
19                     **PETITIONER'S CONTENTIONS**

20     Petitioner contends the following, inter alia:

21  1.  The trial court erroneously denied Petitioner's motion to
22      dismiss on the grounds the prosecution withheld evidence
23      in violation of the constitutional duty under the
24      Fourteenth Amendment of the United States Constitution to
25      disclose to the defense any exculpatory evidence;

26  2.  The trial court erred in finding Petitioner failed to
27      establish a prime facie case of improper use of
28      peremptory challenges during selection of the jury in

                                3

1  Petition, alleging his present exhausted claim as well as the newly
2  exhausted claims (assuming the California Supreme Court denies
3  habeas relief on the claims), within 60 days from the date of the
4  California Supreme Court's decision on its habeas petition.
5  Petitioner is cautioned that should he fail to act within these
6  time frames, the Court will order the stay vacated nunc pro tunc,
7  and he will not be allowed to raise additional claims in this
8  action.  See Kelly, 315 F.3d at 1070.

10  DATED: 9-11-06

VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE